[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#106) AND OBJECTION (#108)
On or about January 24, 1995, the plaintiff Terrence Farrell instituted an action against the defendants, Jana C. O'Connor and Charles O'Connor, filing with the court an application for a prejudgment remedy, along with an unsigned writ of summons and complaint. On or about said date, the clerk's office assigned docket Number CV 95 0067236 S to the case, and instructed the parties to the action to use said docket number "on all future pleadings, motions and claim slips." On or about March 6, 1995, a prejudgment remedy hearing was conducted between the parties at which the court denied the application for the prejudgment remedy.
Connecticut General Statutes § 52-378j(b) provides:
 If an application for a prejudgment remedy is denied and the plaintiff, within thirty days thereof, does not serve and return to court the writ of summons and complaint for which the prejudgment remedy was requested, . . . the court shall order the application to be considered as having been withdrawn. (Emphasis added).
In the case at bar, the plaintiff's application for prejudgment remedy was denied and the writ of summons and complaint were not served on the defendants and returned to the court within thirty days. However, at no time after the thirty days did the court order the withdrawal of the application. CT Page 11127
The defendants misconstrue the statute as requiring the action to be withdrawn by application of law. The statute merely requires that the application for a prejudgment remedy "to be considered as having been withdrawn." Accordingly, the motion to dismiss is denied and the objection is sustained.
PICKETT, J.